## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Terrance Alfonso Dudley, | Civ. No. 11-1422 (DSD/JJG) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| Jessica Symmes, | |
| Respondent. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This case is before the undersigned United States Magistrate Judge on Terrance Alfonso Dudley's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The petition was referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons set forth below, the Court recommends that the petition be denied and the case be dismissed.

## I.    BACKGROUND

Petitioner Terrance Alfonso Dudley is incarcerated at the Minnesota Correctional Facility-Oak Park Heights in Stillwater, Minnesota. He is serving a ninety-month sentence for a conviction of attempted first-degree criminal sexual conduct.

The events underlying Dudley's conviction occurred in December 2006. A fourteen-year-old girl, S.T., was babysitting her niece and nephew in her sister's apartment when Dudley came to the apartment and asked for some water. S.T. recognized Dudley and allowed him to enter. Dudley asked S.T. questions with sexual overtones, rubbed her leg, and tried to kiss her. She resisted, and Dudley threw a blanket over her head and pushed her down on the couch. Dudley

then pulled S.T. into a bedroom and threw her on a bed. S.T. escaped into the kitchen, and Dudley followed. He hugged and kissed her and asked her "to suck his stuff" while he pulled her head toward his waist. S.T.'s sister arrived home about twenty minutes later, and Dudley left. S.T. told her sister what had happened, and her sister called the police.

Dudley was charged with first-degree and third-degree attempted criminal sexual conduct. Two public defenders were appointed to represent him. On the third day of voir dire, Dudley expressed dissatisfaction with his attorneys. The trial court said that the attorneys were doing an adequate job, and Dudley eventually agreed to keep them. During the State's case-in-chief, the State called S.T. as its first witness, but she refused to enter the courtroom for almost an hour. After the court agreed to allow four sheriff's deputies to be stationed in the courtroom, S.T. agreed to testify. Three other deputies entered the courtroom during her testimony. The State also introduced a statement Dudley made to the police after he was taken into custody. Dudley was ultimately convicted of both charges and sentenced to ninety months on the first-degree conviction.

Dudley timely appealed his sentence and conviction to the Minnesota Court of Appeals, arguing that (1) the trial court failed to appoint substitute counsel, (2) the trial court wrongly admitted his unredacted custodial statement, which also contained statements by the questioning officers; and (3) the prosecutor committed misconduct. *State v. Dudley*, No. A07-1843, 2009 WL 112845, at *1 (Minn. Ct. App. Jan. 20, 2009). The Court of Appeals affirmed on all three grounds, *id.*, and the Minnesota Supreme Court denied review on March 31, 2009.

Dudley next sought federal habeas relief in a petition filed on September 15, 2009. Petition, *Dudley v. Symmes*, Civ. No. 09-2490 (DSD/JJG) (D. Minn. Sept. 15, 2009) (Doc. No. 1). This Court recommended that the action be summarily dismissed without prejudice because

2

the petition contained both exhausted and unexhausted claims. *Id.*, Report & Recommendation at 4 (D. Minn. July 3, 2008) (Doc. No. 4). The Court advised Dudley that he could return to the state courts and attempt to exhaust his unexhausted claims, but if the state courts rejected his claims on the basis of a state procedural rule, the claims would be procedurally defaulted on federal habeas review. *Id.* at 3.

Dudley returned to the state courts and filed a petition for postconviction relief, challenging (1) the trial court's decision to allow several deputies to be stationed and seated in the courtroom during S.T.'s testimony, (2) the trial court's denial of his motion to suppress a custodial statement, based on a finding of a valid waiver of *Miranda* rights, and (3) the effectiveness of trial counsel. *See Dudley v. State*, No. A10-1062, 2011 WL 781217, at *1 (Minn. Ct. App. Mar. 8, 2011). The trial court found the first two claims procedurally barred under *State v. Knaffla*, 243 N.W.2d 737 (Minn. 1976), because Dudley could have raised those claims on direct appeal but did not. (Resp't's App. Ex. 12 at 2, Doc. No. 8.) The trial court found the ineffective assistance claim mostly barred by *Knaffla*, as well as meritless. (*Id.* at 3-4.) The Minnesota Court of Appeals affirmed the trial court, agreeing that Dudley was procedurally barred from bringing the first two claims and that the ineffective assistance of counsel claim was meritless. *Dudley*, 2011 WL 781217, at *1. The Minnesota Supreme Court denied review on May 17, 2011.

Dudley then filed the instant federal habeas petition on June 1, 2011, raising the following six grounds for relief: (1) the trial court failed to conduct a sufficient inquiry regarding the appointment of substitute counsel; (2) the trial court erroneously admitted Dudley's unredacted statement; (3) the prosecutor committed misconduct by making inflammatory comments to the jury; (4) the trial court violated Dudley's due process rights by allowing too

many deputies in the courtroom during S.T.'s testimony; (5) the trial court erred in its determination that Dudley knowingly and voluntarily waived his *Miranda* rights; and (6) Dudley's lawyers were ineffective. (Pet. at 5-10, Doc. No. 1.) Dudley simultaneously filed a motion for a subpoena, for the purpose of subpoenaing the original recording of his custodial statement. (Pet'r's Mot. Subpoena, Doc. No. 3.) The Court reserved ruling on the motion for subpoena until it addressed the merits of the petition. (Order at 2, June 3, 2011, Doc. No. 4.) Respondent Jessica Symmes filed a motion to dismiss the petition on July 5, 2011, and Dudley replied on August 10, 2011.

## II.    DISCUSSION

As stated by the United States Supreme Court in *Preiser v. Rodriguez*, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." 411 U.S. 475, 484 (1973). On review of a § 2254 habeas petition, a court must determine whether the incarceration of a state prisoner violates the United States Constitution or United States Supreme Court precedent. 28 U.S.C. § 2254(a).

### A.    Grounds 1, 2, and 3 Are Procedurally Defaulted Because They Were Not Fairly Presented to the Minnesota Supreme Court on Direct Appeal

Before a state prisoner may seek federal habeas relief under § 2254, he "must 'fairly present' his federal claims to the state courts." *Turnage v. Fabian*, 606 F.3d 933, 936 (8th Cir. 2010). The purpose of this requirement is to give state courts the first opportunity to correct errors alleged by state prisoners. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). To satisfy the fair presentation requirement, the prisoner must present the federal nature of his claim to each level of the state courts. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The prisoner must do

4

more than outline the underlying facts or "make a general appeal to a constitutional guarantee as broad as due process." *Turnage*, 606 F.3d at 936 (quotations omitted). At a minimum on direct appeal, the prisoner "must have explicitly referred the state courts to the United States Constitution or federal case law." *Wyldes v. Hundley*, 69 F.3d 247, 251 (8th Cir. 1995) (citations omitted). If a state prisoner does not fairly present a federal claim to the state courts, and the claim could no longer be reviewed because of a state procedural rule, the claim is procedurally defaulted. *Turnage*, 606 F.3d at 936.

In the present case, Dudley did not fairly present the federal nature of grounds 1, 2, or 3 to the Minnesota Supreme Court. (Resp't's App. Ex. 4, Doc. No. 8.) While Dudley presented arguments based on state law concerning the failure to appoint substitute counsel, the admission of the custodial statement, and prosecutorial misconduct, he did not refer to the United States Constitution or federal case law. As a prerequisite to federal habeas review, a petitioner must fairly present "his federal constitutional claims to the highest available state court." *O'Sullivan*, 526 U.S. at 844-45. When a state has two tiers of appellate review, a petitioner must raise his federal claims to both levels before presenting his claims in a federal habeas petition. *Id.* at 845 (finding procedural default when petitioner raised three federal claims to the state intermediate appellate court but not in his petition for review to the state supreme court). Like the petitioner in *O'Sullivan*, Dudley did not present any federal claims in his petition for review to the Minnesota Supreme Court, and thus, claims 1, 2, and 3 are procedurally defaulted.

A federal court is prohibited from reviewing a procedurally defaulted habeas claim unless the petitioner demonstrates "cause for the default and actual prejudice as a result of the alleged violation of federal law, or . . . that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To show a

fundamental miscarriage of justice, the petitioner must present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial." *Schlup v. Delo*, 513 U.S. 298, 316 (1995); *see also Storey v. Roper*, 603 F.3d 507, 524 (8th Cir. 2010). Here, Dudley has not demonstrated cause for the default, actual prejudice, or that a fundamental miscarriage of justice would result if his habeas claims are not heard. Consequently, this Court is barred from considering grounds 1, 2, and 3.

**B.      Grounds 4, 5, and 6 Are Procedurally Barred Because They Were First Presented to the State Courts on Postconviction Review**

Dudley's fourth and fifth habeas claims implicate federal due process rights. His sixth claim is for ineffective assistance of counsel. Dudley did not present any of these three claims on direct appeal; rather, he raised them for the first time in a postconviction petition filed with the trial court. In addressing Dudley's first habeas petition, this Court anticipated that the state courts might decline to address the claims on postconviction review, because Dudley could have raised them on direct appeal but did not. This indeed occurred, and the postconviction courts deemed the claims procedurally barred under *Knaffla*. The effect is that the claims are also procedurally barred from federal habeas review, unless Dudley can show cause for the default and actual prejudice or that a fundamental miscarriage of justice will occur if his claims are not heard. *See Murphy v. King*, 652 F.3d 845, 849-50 (8th Cir. 2011). None of these circumstances are present here, and therefore, this Court is barred from considering grounds 4, 5, and 6.

**C.      Alternatively, Ground 6 Is Meritless**

The state courts described Dudley's ineffective assistance of counsel claim as procedurally barred for the most part, but did not specify which aspect of the claim had been properly exhausted. While Dudley referred generally to the right to effective assistance of

6

counsel in his direct appeal, he did not raise the effectiveness of counsel as a separate ground. The argument simply underpinned Dudley's claim that the trial court erred in refusing to appoint substitute counsel. Nevertheless, the Court will address the merits of Dudley's ineffective assistance claim, to the extent it could be construed as exhausted.

A habeas petitioner challenging a conviction based on ineffective assistance of counsel must generally show: (1) "that counsel's representation fell below an objective standard of reasonableness;" and (2) a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-688, 694 (1984); *see also Ringo v. Roper*, 472 F.3d 1001, 1003 (8th Cir. 2007). This analysis is "highly deferential" to counsel's performance. *Strickland*, 466 U.S. at 689. Courts employ a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id.* The standard for judging an ineffectiveness claim is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 687.

Dudley asserts that his trial counsel did not properly prepare for trial, did not properly conduct voir dire, did not cross-examine two witnesses for the State, failed to impeach the alleged victim, did not object to DNA evidence or introduce evidence to refute DNA testing, refused to call Dudley's suggested witnesses, failed to object to the admission of Dudley's statements, did not present a defense, and generally engaged in misconduct. Dudley provides no factual bases for these claims, just a laundry list of assertions. He does not identify any particular fault with counsel's voir dire examination, identify the witnesses who were not cross-examined, explain how the victim's testimony could have been impeached, describe how DNA evidence was faulty, identify his proposed witnesses, explain how counsel should have presented his

defense, or describe how counsel committed misconduct. Without a modicum of elucidation, Dudley cannot show that his lawyers' performance was deficient or that it prejudiced his case.

Furthermore, the decisions with which Dudley takes issue are matters of trial strategy. A lawyer's strategic decisions made after a full investigation are nearly unchallengeable in a federal habeas petition. *Moeller v. Weber*, 649 F.3d 839, 846 (8th Cir. 2011) (quoting *Strickland*, 466 U.S. at 690). Nothing in the record indicates that Dudley's lawyers failed to conduct a full investigation or made strategic decisions for improper reasons.

Lastly, Dudley's claim that his attorneys failed to challenge his custodial statement is not supported by the record. In fact, his lawyer challenged the admissibility of the statement before trial. The trial court disagreed, however, and found that Dudley had been advised of his *Miranda* rights and waived those rights before speaking with the police.

### D.     Dudley's Motion for a Subpoena

Given that Dudley's habeas petition should be denied in its entirety, the Court recommends that his motion for a subpoena be denied. Alternatively, the motion should be denied on the merits because Dudley has not provided an adequate basis for requiring the production of an original recording to him.

## III.    RECOMMENDATION

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.     Terrance Alfonso Dudley's Petition for Writ of Habeas Corpus (Doc. No. 1) be **DENIED**;

2.     Terrance Alfonso Dudley's Motion Requesting Subpoena (Doc. No. 3) be **DENIED**;

3.     Jessica Symmes' Motion to Dismiss (Doc. No. 6) be **GRANTED**;

4.     This case be **DISMISSED**; and

5.     **JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 5, 2012

_s/ _*Jeanne J. Graham*_____
JEANNE J. GRAHAM
United States Magistrate Judge

**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **January 23, 2012**.  A party may respond to the objections within fourteen days after service thereof.  Any objections or responses shall not exceed 3,500 words.  The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.